UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) DIANE S. DRISKILL,<br><br>            Plaintiff,<br><br>vs.<br><br>(1) MUSE & ASSOCIATES;<br>(2) ALLSTATE INSURANCE COMPANY,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)    Case No.<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

COMES NOW the Defendant, ALLSTATE INSURANCE COMPANY ("Allstate"), a Write-Your-Own ("WYO") Program insurance carrier participating in the United States government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968 as amended ("NFIA"),[1] appearing herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States,"[3] and files this Notice of Removal pursuant to 28 U.S.C. §1446, hereby removing this matter from state court to the docket of this Honorable Court. Allstate would respectfully show as follows:

1.     On or about July 16, 2014, Plaintiff, Diane S. Driskill, filed a lawsuit in the District Court, Oklahoma County, State of Oklahoma, entitled "*Diane S. Driskill v. Muse & Assoc. and Allstate Insurance Company*" and bearing Small Claims No. SC-2014-13516. (A true and correct copy of the Affidavit (Petition) filed by Plaintiff attached hereto as Exhibit 1).

2.     For the reasons that follow, Allstate hereby removes this case from state court to this Court, pursuant to 42 U.S.C. § 4072; 28 U.S.C. §1331; 28 U.S.C. §1337; 44 C.F.R. Pt. 61, App. A(1), Art. IX; 28 U.S.C. §1441(c); and 28 U.S.C. §1367.

---

[1] 42 U.S.C. § 4001, *et seq.*
[2] 44 C.F.R. § 62.23(f).
[3] 42 U.S.C. § 4071(a)(1); *Gowland v. Aetna,* 143 F.3d 951, 953 (5th Cir.1998).

I.     REVIEW OF THE PLAINTIFF'S PLEADING ("AFFIDAVIT")

3.     In Plaintiff's Affidavit, Plaintiff alleges "Misrepresentation of Flood Insurance Policy for one year." *See* Affidavit, Exhibit 1.  *See also*, Declarations Pages of the Flood Policy, attached hereto as Exhibit 2 *in globo*.

II.    THE FEDERAL GOVERNMENT'S RULES AND THE WYO PROGRAM CARRIER'S ROLE

4.     Congress underwrites all operations of the NFIP through the U.S. Treasury. Further, Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically the Federal Emergency Management Agency ("FEMA").

5.     Congress delegated rulemaking authority exclusively to the Federal Government to determine the conditions of insurability and to write the flood policy. *See* 42 U.S.C. §4013(a). Decades ago, FEMA exercised its authority under §4013(a) to adopt, by regulation, the terms and conditions of insurability, which includes the Standard Flood Insurance Policy ("SFIP"), itself, which is found at 44 C.F.R. Pt. 61, App. A.

6.     Pursuant to Congressional authorization found at 42 U.S.C. §4071(a)(1), FEMA uses "Write-Your-Own" companies like Allstate to aid it in its statutory duty to administer the National Flood Insurance Program. *See also*, 42 U.S.C. §4081(a)(permitting FEMA's Director to enter into arrangements with private insurance companies in order to make use of their "facilities and services"); 44 C.F.R. §62.23(a)-(d) (establishing the WYO program to permit private insurers to sell and administer Standard Flood Insurance Policies).

7.     Allstate, as a WYO Program carrier, is authorized to issue the SFIP which is a federal regulation found at 44 C.F.R. Pt. 61, App. A(1), on behalf of the federal government pursuant to the "Arrangement" between itself and FEMA, set forth at 44 C.F.R. Pt. 62, App. A.

These forms of the flood policy are incorporated into the Code of Federal Regulations at 44 C.F.R. §61.13(a).

8. Allstate cannot waive or alter or amend any of the provisions of the SFIP. *See* 44 C.F.R. §61.13(d) and 44 C.F.R. Pt. 61, App. A(1), Art. VII(D)(Oct. 1, 2012 edition).

9. Allstate's role, as a WYO Program carrier and as set forth in the Arrangement, is to market, sell, administer, and handle claims under SFIPs that it is authorized to issue on behalf of the federal government. To this end, FEMA recently issued a bulletin clarifying its long standing position as to its program that <u>all</u> claims regarding the SFIP, from the initial sale forward, are governed by federal law alone. *See,* Exhibit 3, FEMA Bulletin W-09038. *See also*, Exhibit 4, "The Cohen Declaration." It is clear that Allstate, in its WYO capacity, is conducting all of these actions in its fiduciary capacity as the "fiscal agent" of the United States. *See* 44 C.F.R. § 62.23(f) and 42 U.S.C. § 4071(a)(1), respectively.

10. All claim payments made by a WYO Program carrier, such as Allstate, under an SFIP are made out of a segregated account containing U.S. Treasury funds, as required by 44 C.F.R. Pt. 62, App. A, Art. III. *See Downey v. State Farm Fire & Cas. Ins. Co.*, 266 F.3d 675, 679-680 (7th Cir. 2001); and *Gowland*, 143 F.3d at 955, *citing to In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir.1987). Likewise, all of Allstate's litigation costs, as a WYO Program carrier, are paid by FEMA. *See* 42 U.S.C. §4081(c). *See also*, *Downey*, 266 F.3d at 679. The Eleventh Circuit analyzed what funds are at stake in the NFIP with regard to claims for interest and noted that "claim payments come out of FEMA's pocket regardless of how they are paid." *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1311 (11th Cir. 2001), *rehearing en banc denied*, 263 F.3d 172 (11th Cir. 2001).

11.     Since 1983, the WYO Program companies have issued Standard Flood Insurance Policies in their names[6] collecting premiums in segregated accounts from which they pay claims and make necessary refunds under those policies. 44 C.F.R. Pt. 62, App. A, Arts. II(E), III(D), III(E).   Premiums collected from policy holders by the WYO Program companies are, after deduction of the companies' fees and administrative costs, deposited in the National Flood Insurance Fund in the United States Treasury. 42 U.S.C. §4017(d).  "Premiums are federal funds from the moment they are collected," with interest earned thereon belonging to the United States (Write Your Own companies must remit to the Treasury "all funds, including interest, not required to meet current expenditures - currently limited to $5,000.00). 44 C.F.R. Pt. 62, App. A, Art VII(B).  In the absence of sufficient funds in the segregated accounts (which is essentially always given the $5,000.00 cap), WYO Program companies pay claims and make refunds by drawing on FEMA letters of credit from the U.S. Treasury. *See* 44 C.F.R. Pt. 62, App. A. Art. IV; *Flick v. Liberty Mutual Fire Ins. Co.,* 205 F.3d, 393-94 (9th Cir. 2000), *cert. denied*, 531 U.S. 927, 121 S.Ct. 305 (2000).

12.     Effective October 1, 2004, there was a revised "Arrangement" between FEMA and all WYO Program carriers, including Allstate.  In that revised Arrangement, FEMA further clarified its regulations to make clear that, in addition to disputes arising from claims and claims handling, the policy sales and administration are performed by the WYO Program carriers (a) in their fiduciary capacity to the government, (b) utilizing federal funds, and (c) governed by extensive federal regulations.

---

[6] *See* 44 C.F.R. §§61.13(f), 62.23(a).

13. Moreover, FEMA stated its view that "any" such litigation states a federal question. Each of these points is now clearly stated within the revised Arrangement, and in the following two paragraphs:

> Whereas, FIA has promulgated regulations and guidance implementing the Act and the Write-Your-Own Program whereby participating private insurance companies act in a fiduciary capacity utilizing federal funds to sell and administer the Standard Flood Insurance Policies, and has extensively regulated the participating companies' activities when selling or administering the Standard Flood Insurance Policies; and
>
> Whereas any litigation resulting from, related to, or arising from the Company's compliance with the written standards, procedures, and guidance issued by FEMA or FIA arises under the Act, regulations, or FIA guidance, and legal issues thereunder raise a federal question; and . . .

44 C.F.R. Pt. 62, App. A, Article I.

14. Further, in Article II(A)(1) of the *Arrangement*, the processes of "policy administration" are made the very first duty of the WYO Program carrier. This includes eligibility determinations, rating determinations, policy issuance, policy endorsements, etc. *See also*, Art. II(D), which concerns "policy issuance."

15. The *Arrangement* further states:

> G. Compliance with Agency Standard and Guidelines.
>
> 1. The Company shall comply with written standards, procedures, and guidance issued by FEMA or FIA relating to the NFIP and applicable to the Company.
>
> 2. The Company shall market flood insurance policies in a manner consistent with marketing guidelines established by FIA.

44 C.F.R. Pt. 62, App. A, Art. II(G).

16. Article III(D) of the *Arrangement* states:

> 2. Loss payments include payments as the result of litigation that arises under the scope of this Arrangement, and the Authorities set forth herein. …

44 C.F.R. Pt. 62, App. A. The "scope of this Arrangement," includes the marketing, sales, issuance, administration and renewal of SFIPs issued by the WYO carriers. Thus, any resulting judgment shall be made with federal funds. *See* Exhibit 4, Declaration of James S.P. Shortley which explains that FEMA pays the judgments, if any, and attorney's fees for claims that proceed to litigation against the WYO company.

17.  The NFIP, the SFIP, and the WYO Program carriers participating in the NFIP are all governed by federal law, not state law. *See West v. Harris*, 573 F.2d 873 (5th Cir. 1978), *cert. denied*, 440 U.S. 946 (1979). In *West*, 573 F.2d at 881, the court stated the following:

> Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.

18.  Based upon the forgoing, it is clear that the NFIP, the SFIP and the WYO Program carriers participating in the NFIP are all governed by federal law, not state law.

### III.  U.S. Treasury Funds Are at Stake

19.  Whether or not Allstate "misrepresented" a flood policy, Allstate's role as a WYO Program carrier takes place as the fiscal agent of the United States. *See* 42 U.S.C. §4071(a)(1) and 44 C.F.R. Pt. 62, App. A, Art. III.  NFIP claims are funded by the U.S. Treasury. *See Palmieri*, 445 F.3d at 183. *See also*, *Evanoff v. Standard Fire Ins. Co.,* 534 F.3d 516, 519-520 (6th Cir.2008); *Gallup v. Omaha Prop. & Cas. Ins. Co.*, 434 F.3d 341,342 (5th Cir. 2005); *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 386 (5th Cir. 2005); and *Gowland*, 143 F.3d at 955.  FEMA's regulations make clear that payments made by the WYO carriers "shall be binding upon the FIA."  44 C.F.R. §62.23(i)(1).  FEMA's "Arrangement" with the WYO Program companies (such as Allstate) also makes clear that federal funds are utilized to pay the

claims directly, and not through a reimbursement mechanism.  *See* 44 C.F.R. Pt. 62, App. A, Arts. II(E), III(D)(1), and IV(A).  *See also*, *Flick*, 205 F.3d at FN 10.

20.  Regarding the instant litigation, FEMA's Arrangement with the WYO Program carriers establishes that all of Allstate's defense costs will be paid by the Program if litigation arises.  44 C.F.R. Pt. 62, App. A, Art. III(C)(3), and Art. III(D)(2).  *See also*, 44 C.F.R. §§ 62.23(i)(b) and (9); *Newton v. Capital Assur. Co., Inc.*, 245 F.3d at 1312.

21.  In addition to the foregoing, the scope of the Arrangement between the United States government and Allstate includes within its scope the "selling and administering" of standard flood insurance policies with federal funds.  44 C.F.R. Pt. 62, App. A, Art. I, (5) and (6).  As Allstate has engaged in these activities "…in a fiduciary capacity…" all of Allstate's activities are "…extensively regulated… when selling or administering the Standard Flood Insurance Policy." *Id*.  These points are further made clear by the Arrangement at Articles II(A), (D) and (G).  Therefore, in accord with the terms of the Arrangement at Article II(D)(2), litigations expenses are borne by the U.S. Treasury.

22.  Finally, there is a presumption that federal funds are at risk in NFIP litigation. *See, Grissom v. Liberty Mut.Fire Ins. Co.*, 678 F.3d 397, 401, 402 (5th Cir. 2012).  There is, therefore, no question that federal funds are at stake. *See also,* Exhibits 2 and 3.

IV.  **FEDERAL JURISDICTION**

A.  **42 U.S.C. §4072 – Original Exclusive Jurisdiction**

23.  42 U.S.C. §4072 conveys "original exclusive" jurisdiction over claims involving administration of and claims handling matter under the SFIP.  *See Sandia Oil Co., Inc. v. Beckton*, 889 F.2d 258, 262 (10th Cir. 1989)  (Exclusive original jurisdiction of such suits lies in the federal district courts.); *see also Geisler v. Don Hunt & Associates, Inc.*, 2012 WL 966119,

*2 (D.Kan. 3/21/12) ("Under 42 U.S.C. § 4072, federal courts are granted original exclusive jurisdiction to hear actions involving SFIP claims."); *see also TAF, L.L.C. v. Hartford Fire Ins. Co.,* 549 F.Supp.2d 1282, 1288 (D.Colo. 2/28/08) ("I have previously ruled that 42 U.S.C. § 4072 provides exclusive subject matter jurisdiction and the sole remedy for a claimant dissatisfied with the amount of their claim allowance under an SFIP.").

24. Plaintiff is aware of the requirement of filing in federal court as SFIP article VII(R) clearly states that all disputes "must file suit in the United States District Court of the district in which the covered property was located at the time of the loss." Certainly, Allstate is not suggesting that jurisdiction can be created by contract, but instead it is pointing out that Plaintiff was fully aware of the requirement of filing in federal court. Further, because the SFIP is a codified federal regulation, Plaintiff was charges with the knowledge of this requirement. *See Federal Crop Ins. Cop. V. Merrill*, 332 U.S. 380, 384-85 (1947).

25. Plaintiff in this matter has pled that Defendant "misrepresented" a flood policy. Any claim against Allstate, from the initial issuance of the SFIP at issue through the alleged misrepresentation claim is exclusively governed by federal law. *See Grissom v. Liberty Mut. Fire Ins. Co.,* 678 F.3d 397, 401 (C.A.5(Miss.) 2012). Plaintiff's pleading puts directly at issue the actions of a WYO program carrier; therefore, jurisdiction over this matter is exclusive to this Honorable Court.

                **B.**        **28 U.S.C. §1331 - Federal Question Jurisdiction**

26. Jurisdiction regarding claims against a WYO Program carrier present a federal question. *See, Hufford v. American Family Mut. Ins. Co., (*D.Kan. 1/10/08), No. 6:07-cv-01312-WEB-DWB (allegations regarding notification and payment of premiums involved administration of an existing policy); *see also*, *Southpointe Villas Homeowners Association, Inc.*

*v. Scottish Ins. Agency, Inc.*, 213 F.Supp.2d 586, 590-593 (D.S.C. 2002) ("[P]laintiff's claim for a refund of overcharged premiums necessarily places federal funds at risk. Insurance premiums collected by WYO companies are kept in segregated accounts and are considered federal funds from the moment they are collected, with interest earned belonging to the United States.").); *Messina v. State Farm Fire and Cas. Co.*, 2007 WL 625947, *2 (E.D.La. Feb. 23, 2007))(request for refund of flood insurance premiums "clearly creates federal jurisdiction"); and *Raley v. Fletcher*, 2007 WL 4200818, *1 (S.D.Miss. Nov. 26, 2007)(claim for a partial refund of premiums is sufficient to establish federal question jurisdiction).

27. Federal question exists in the claims at bar because the SFIP is a codified federal regulation found in its entirety at 44 C.F.R. Pt. 61, App. A(1) and governed exclusively by federal laws and the NFIA. As per the terms of the SFIP, "this policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, *et seq*.), and federal common law." 44 C.F.R. Pt. 61, App. A(1), Article IX. Because the flood policy and Allstate's administration of the flood policy must be interpreted using federal common law, federal jurisdiction exists pursuant to 28 U.S.C. §1331.

28. In order to determine what, if any, flood insurance premiums the Plaintiff may be entitled to receive, the Court will necessarily have to interpret the SFIP itself as well as the federal laws, regulations and statutes governing the SFIP and the administration of the NFIP. Federal common law governs the interpretation of the SFIP, and courts must "interpret the SFIP in accordance with its plain, unambiguous meaning." *Linder & Assoc., Inc. v. Aetna Cas. & Sur. Co.*, 166 F.3d 547, 550 (3rd Cir. 1999). As the SFIP is a federal regulation, necessarily the interpretation of the SFIP (and the federal laws governing the operation of the NFIP) to

determine the coverage provided thereunder, and any amounts due under the SFIP and when flood insurance premiums could be refunded would require the interpretation of a federal law which presents a federal question. Thus, there is federal question jurisdiction under 28 U.S.C. §1331, and the case is therefore also removable pursuant to 28 U.S.C. §1441(a), (b) and (c).

29.     Clearly, the flood insurance premiums that Plaintiff seeks from Allstate under the SFIP would be a "direct charge on the public treasury," and would be "binding" upon the federal government. *Gowland*, 143 F.3d at 955; and 44 C.F.R. Pt. 62, App. A, Art. II(F).

30.     The several States have recognized that there is no concurrent subject matter jurisdiction in state courts. *See Gibson v. American Bankers Ins. Co.,* 91 F.Supp.2d 1037, 1044 (E.D.Ky.2000); *McCormick v. Travelers*, 103 Cal.Rptr. 2d 258 (Cal.App.1st 2001), *cert denied*; *Palmieri v. Allstate Ins. Co.*, 289 A.D.2d 314 (App.Div.NYSup.Ct.2001); *Seibels Bruce v. Deville Condominium Assoc.*, 786 So.2d 616 ((Fla. Dist. App. 1st Cir. 2001); and *Battle v. Seibels Bruce Ins. Co.,* 288 F.3d 596 (4th Cir.2002) (wherein the U.S. Fourth Circuit vacated an order remanding the case to state court).

31.     Pursuant to 28 U.S.C. §1331, and by operation of 28 U.S.C. §1441(a), (b) and (c), Allstate asserts that there are multiple federal questions presented within the Plaintiff's Complaint thereby making the action removable pursuant to 28 U.S.C. §1331.

      C.     **FEDERAL JURISDICTION UNDER 28 U.S.C. § 1337**

32.     As an additional basis for federal jurisdiction, Allstate contends that 28 U.S.C. § 1337 also applies to the case at bar.  Section 1337 grants "original jurisdiction of any civil action or proceeding under any Act of Congress regulating commerce . . . ."

33. In *C.E.R. 1988, Inc. v. The Aetna Cas. and Surety Co.*, 386 F.3d 263, 267 (3d Cir. 2004), the court in analyzing the structure of the NFIP under the *National Flood Insurance Act of 1968, as amended* held:

> States have no regulatory control over the Program's operations. [FN3].
>
> FN3. The insurance industry in the United States operates in interstate commerce. States may regulate the insurance industry only to the extent Congress permits. U.S. Const. art. I, § 8, cl. 3. The McCarren-Ferguson Act, 15 U.S.C. § 1011, *et seq.*, grants states this power except where Congress enacts legislation that "specifically relates to the business of insurance." 15 U.S.C. § 1012(b). In *Barnett Bank of Marion County v. Nelson*, 517 U.S. 25, 116 S. Ct. 1103, 134 L. Ed. 2d 237 (1996), the Supreme Court held that the exception for acts relating to the business of insurance should be construed broadly, noting that "[t]he word 'relates' is highly general." *Id.* at 38, 116 S. Ct. 1103. Without doubt the NFIA is congressionally-enacted legislation relating to the business of insurance.

Therefore, original jurisdiction in this Court is conveyed pursuant to 28 U.S.C. §1337.

**V.   SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS**

34.   To the extent that any of the claims of the Plaintiff are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. §1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367; *see also, Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 566, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005).

35.   Traditionally, federal courts have exercised supplemental jurisdiction over all such claims in cases of this type. *See, e.g.*, *Winkler v. State Farm Fire*, 266 F. Supp. 2d 509, 513-14 (S.D. Miss. 2003); and *Jamal (I) v. Travelers Lloyds of Texas Ins. Co.*, 97 F. Supp. 2d 800, 805-06 (S.D. Tex. 2000). Handling all claims arising in this dispute in one forum will serve the interest of judicial economy and fairness. *Winkler*, 266 F. Supp. 2d at 514.

## VI. PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

36. Allstate was served with the pleading on July 31, 2014. *See* Exhibit 1. This Notice of Removal is filed on August 7, 2014. Thus, this Notice of Removal is "filed within the thirty days after receipt by the defendant," as required by 28 U.S.C. §1446(b), and it is therefore timely.

37. Venue is proper in the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. §1391 and 44 C.F.R. Pt. 61, App. A(1), Article VII(R), as the property made subject of this lawsuit is located within the boundaries of this district.

38. Pursuant to 28 U.S.C. §1446(a), attached hereto as Exhibits 1, 2, 3, 4 are a copies of all processes, pleadings, and orders of the state court record to date. Also attached as Exhibit 5 is the docket sheet for the Oklahoma County action.

## CONCLUSION

WHEREFORE, Defendant, Allstate Insurance Company prays that this Notice of Removal will be deemed good and sufficient, and that this matter be removed from District Court, Oklahoma County, State of Oklahoma, to the docket of this Honorable Court.

Date: August 7, 2014.

Respectfully submitted,

**ATKINSON, HASKINS, NELLIS, BRITTINGHAM, GLADD & FIASCO**
A Professional Corporation


 /s/ Andrew G. Wakeman, OBA #21393
John S. Gladd, OBA #12307
Andrew G. Wakeman, OBA #21393
525 South Main, Suite 1500
Tulsa, OK  74103-4524
Telephone: (918) 582-8877
Facsimile: (918) 585-8096
Attorneys for Allstate Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2014, copies of this pleading have been served upon all parties or their attorneys contemporaneously with or before the filing of this pleading, in a manner authorized by Federal Rule of Civil Procedure 5(b)(2), by placing same in U.S. Mail, postage prepaid, to:

Diane S. Driskill, *Pro Se*
6029 Lytle Drive
Oklahoma City, Oklahoma 73127

*/s/ Andrew G. Wakeman*
Andrew G. Wakeman